**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. 11-16356 |
| Plaintiff - Appellant, | DC No. 1:04 cv-03764 NJV |
| v. | |
| RODNEY K. MITCHELL; et al., | MEMORANDUM[*] |
| and | |
| JOHN RYNHART, Officer; LYLE THOMAS, Officer, Lake County Sheriff's Department, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Argued and Submitted January 14, 2013
San Francisco, California

Before:    NOONAN, TASHIMA, and GRABER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Michael Izell Seals claims that Lake County, California, Sheriff's Department Officers John Rynhart and Lyle Thomas used excessive force during Seals' arrest for cocaine possession. The officers maintain that they used reasonable force to prevent Seals from swallowing a bag of cocaine. The arrest led to Seals' conviction, affirmed on appeal, for possession and transportation of cocaine base. *People v. Seals*, 2006 WL 1613986, at *1 (Cal. Ct. App. 2006).

Seals brought action under 42 U.S.C. § 1983, claiming that his right shoulder sustained injury during the arrest. The officers' medical expert, an orthopaedic surgeon, reviewed Seals' medical records and testified that Seals suffered a congenital shoulder abnormality, documented in medical records predating his arrest, that made him vulnerable to the condition he suffered: an "impingement" of the shoulder. Accordingly, the physician opined that Seals' shoulder pain was not caused by the arrest. Following a three-day trial during which Seals was represented by appointed counsel, the jury returned a verdict in favor of the officers. Seals' motion for a new trial was denied.

Seals now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The court discharged its duty under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), by conducting a full gateway hearing – outside the

jury's presence – in which it considered the bases of the physician's opinion and the method by which he formed it. It is of no consequence that the physician was unsure, at the time of his deposition, whether, in this particular lawsuit, Seals was alleging injury arising from his arrest or from an incident that occurred two months later while Seals was in prison. The physician's opinion rested on a review of Seals' medical records – most of which predated both incidents – indicating that Seals had complained of right shoulder pain before the arrest and that a congenital condition made his shoulder susceptible to impingement. At the *Daubert* hearing, the physician also testified that he understood the difference between the two incidents. We conclude that the district court had ample reason to find this testimony reliable under *Daubert*. *See Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003).

2. The district court did not err in denying Seals' motion for a new trial. Whether Seals possessed cocaine on the night of his arrest was a question highly relevant to the officers' qualified immunity defense that their use of force was reasonable, in part, because Seals was about to swallow a bag of narcotics. Nothing in the district court's order on the parties' motions in limine prevented the officers from introducing evidence concerning the facts and circumstances of the arrest. Moreover, Seals opened the door to this line of questioning by denying that

3

he possessed cocaine on the night of his arrest despite his admission, on direct examination, that this arrest led to his conviction for cocaine possession and transportation. We conclude that the court did not abuse its discretion in permitting the challenged line of questioning and denying Seals' Rule 59 motion for a new trial.

**3.** Because there was not even a single evidentiary error, Seals' contention of cumulative error must fail.

**AFFIRMED.**